**BARRY S. BALMUTH, Florida Bar No. 868991 (Pro Hac Vice Admission)**
**BARRY S. BALMUTH, P.A.**
The Oaks Center-2505 Burns Road
Palm Beach Gardens, FL 33410
Telephone: (561) 242-9400
Facsimile: (561) 366-2650
E-mail: balmuthlaw@alumni.emory.edu; assistantbalmuthlaw@gmail.com

**DAVID S. PERRINE, State Bar No. 160796**
**LAW OFFICE OF DAVID S. PERRINE**
1135 Pine Street, Suite 210
Redding, CA 96001
Telephone: (530) 245-1877
Facsimile: (530) 245-1879
E-mail: david@perrinelaw.com

Attorneys for Plaintiff,
JOHN RUSSELL CHURCHWELL

Brandy T. Cody (CA SBN 196923)
  E-Mail: bcody@fisherphillips.com
James C. Fessenden (CA SBN 238663)
  E-Mail: jfessenden@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858)597-9600
Facsimile: (858)597-9601

Attorneys for Defendant
FedEx Ground Package System, Inc.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN RUSSELL CHURCHWELL,<br><br>                    Plaintiff,<br><br>         v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>                    Defendant. | Case No: 2:17-cv-01843-KHM-CMK<br><br>**JOINT STATUS REPORT** |

The parties, Plaintiff, JOHN RUSSELL CHURCHWELL ("CHURCHWELL), and

1

Defendant, FEDEX GROUND PACKAGE SYSTEM, INC. ("FEDEX"), hereby submit this joint status report and address the following matters:

(a) **a brief summary of the claims and legal theories under which recovery is sought or liability is denied:** CHURCHWELL has alleged violations of Section 1681b(b)(3)(A) of the Fair Credit Reporting Act ("FCRA") by virtue of FEDEX's taking adverse employment action relating to CHURCHWELL without providing CHURCHWELL with a copy of the background report on which its decision was based or a written description of his rights under the FCRA before taking such adverse action. CHURCHWELL has also alleged that FEDEX violated CA Civil Code, Div. 3, Pt. 4, T 1.6a, § 1786.40(a) by denying him employment under circumstances in which a report regarding the consumer was obtained from an investigative consumer reporting agency while not advising CHURCHWELL of the name and address of the investigative consumer reporting agency making the report.

FEDEX views this case as an attempt to hold a third party liable. Specifically, FEDEX contends it did not employ CHURCHWELL, did not make any decisions regarding CHURCHWELL's employment with his employer, and it certainly did not make employment decisions as to CHURCHWELL based on a consumer report.

(b) **status of service upon all defendants and cross-defendants:** At this time, FEDEX, the only defendant, has been served. There are currently no cross-claims;

(c) **possible joinder of additional parties:** Unknown at this time as discovery is needed to determine if joinder of additional parties is appropriate;

(d) **contemplated amendments to the pleadings, including to simplify or clarify the issues and eliminate previous claims and defenses:** Unknown at this time as discovery is needed to determine if joinder of additional parties is appropriate;

(e) **the statutory bases for jurisdiction and venue:** This court has jurisdiction of this action pursuant to 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1367, and CA Civil Code, Div. 3, Pt. 4, T 1.6a, § 1786.50;

(f) **anticipated discovery and the scheduling of discovery, including:**

(1) **what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held:** (i) the parties do not believe that changes in the timing, form, or requirement for disclosures under Rule 26(a) are needed; (ii) initial disclosures under Rule 26(a) (1) should be made on or before December 6, 2018; and (iii) at this time, the parties do not know if further discovery conferences should be held;

(2) **the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases:** (i)

2
JOINT STATUS REPORT

CHURCHWELL believes further discovery is needed to obtain all of the background reports that have been prepared regarding: CHURCHWELL, the preparation of these reports by the relevant consumer reporting agency, the uses of such background reports by FEDEX and, possibly others, FEDEX's policy and procedure in providing background reports to an employee of an independent contractor to it where it makes a decision regarding that person's employment, and the net worth an income of FEDEX.

FEDEX disputes the scope of discovery sought by Plaintiff as both unnecessary and premature.

(ii) the parties believe discovery non-expert discovery can be completed on or before June 15, 2018 and expert discovery can be completed by August 31, 2018;

**(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed:** (i) the parties do not believe any changes should be made in the limitations on discovery imposed under the Civil Rules; and (ii) the parties do not believe that other limitations on discovery should be imposed;

**(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2):** May 1, 2018

**(5) proposed dates for discovery cut-off:** August 31, 2018

**(g) contemplated dispositive or other motions and a proposed date by which all non-discovery motions shall be heard:** (i) CHURCHWELL may file a motion for partial summary judgment on liability for violating statutory provisions; and (ii) the parties believe all non-discovery motions should be heard on or before September 1, 2018;

FEDEX may also file a motion for summary judgment;

**(h) methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702:** none at this time;

**(i) a proposed date for final pretrial conference:** November, 2018;

**(j) a proposed date for trial, estimated number of days of trial, and whether any party has demanded a jury:** (i) the parties propose that the trial commence on November 12, 2018; (ii) the parties estimate that a trial will take 3 days (or longer, if discovery indicates that the pleadings should be amended to add additional claims/parties); and, (iii) CHURCHWELL has demanded a trial by jury;

**(k) appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge pursuant to**

28 U.S.C. 636(c): (i) the parties do not believe any special procedures are appropriate; and (ii) the parties do not consent to a trial before the assigned magistrate judge;

(l) **proposed modification of standard pretrial procedures because of the simplicity or complexity of the case:** none;

(m) **whether the case is related to any other case pending in this district, including the bankruptcy court of this district:** none;

(n) **optimal timing and method for settlement discussions, including whether a court-convened settlement conference should be scheduled, whether in the case of a jury trial the parties will stipulate to the trial judge acting as a settlement judge, and the parties' positions with respect to Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d):** (i) the parties believe that settlement discussions should occur in April – May 2018; (ii) the parties believe a court-convened settlement conference should be scheduled; (iii) the parties will stipulate to the trial judge (or magistrate judge) acting as a settlement judge; and (iv) if not court-convened settlement conference, the parties agree to conduct VDRP; and

(o) **any other matters that may be conducive to the just and expeditious disposition of the case:** none at this time.

Respectfully submitted,

Date: November 22, 2017

*/s/ Barry S. Balmuth*
Barry S, Balmuth
Attorney for Plaintiff
John Russell Churchwell

Dated:  November 22, 2017

**FISHER & PHILLIPS LLP**

By:  */s/ James C. Fessenden*
Brandy T. Cody
James C. Fessenden
Attorneys for Defendant
FedEx Ground Package System, Inc.

4
JOINT STATUS REPORT
FPDOCS 33477285.1

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; am employed with the law offices of Barry S. Balmuth, P.A. and my business address is 2505 Burns Road, Palm Beach Gardens, FL 33410.

On November 22, 2017 I served the foregoing document entitled Joint Status Report on all the appearing and/or interested parties in this action by placing ___ *the original* _X_ *a true copy* thereof enclosed in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Brandy T. Cody (SBN 196923) | Telephone: (858) 597-9600 |
| James C. Fessenden (SBN 238663) | Facsimile: (858) 597-9601 |
| FISHER & PHILLIPS, LLP | E-mail: bcody@fisherphillips.com |
| 4747 Executive Drive, Suite 1000 | jfessenden@fisherphillips.com |
| San Diego, California 92121 | Attorneys for FedEx Ground Package |

- ☐ **[by MAIL]** - I am readily familiar with the firm's practices of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Palm Beach Gardens, Florida in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.
- ☒ **[by ELECTRONIC SUBMISSION]** – I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.
- ☐ **[by OVERNIGHT SERVICE]** – I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by an overnight service. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by the overnight service for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with the ordinary business practices.
- ☐ **[by PERSONAL SERVICE]** – I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action.

I declare that I am employed in the office of an attorney admitted pro hac vice by this Court at whose direction the service was made.

Executed November 22, 2017 at Palm Beach Gardens, Florida.

Karen A. Balmuth          By: _____
Print Name                        Signature